## GRUBB *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL.

No. 491.   Motion to Dismiss or Affirm submitted January 27, 1930.— Decided May 19, 1930.

*Messrs. John F. Carlisle, Frank M. Raymund,* and *Andrew Wilson* were on the brief for appellant.

*Messrs. Gilbert Bettman,* Attorney General of Ohio, *T. J. Herbert,* Assistant Attorney General, *A. R. Johnson,* and *D. H. Armstrong* were on the brief for appellees.

472

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

The appellant applied to the Public Utilities Commission of Ohio for a certificate to operate, solely in interstate commerce, a line of passenger motor buses over certain public highways in that State as part of an intended route between Columbus, Ohio, and Huntington, West Virginia. In his application he described the route as including a short loop at Portsmouth, Ohio, whereby the buses on reaching that point would cross the Ohio River to a village at the Kentucky end of the interstate bridge and then recross to Portsmouth before proceeding towards their destination. Several carriers likely to be affected if the application was granted intervened and filed protests. A hearing was had, after which the Commission made an order granting the requested certificate, but excluding the loop at Portsmouth from the intended route—the exclusion being put in the form of an express prohibition,[1] and the commission explaining that in its opinion the loop was intended to be merely a device to enable the appellant to carry passengers between Portsmouth and other points in Ohio and, by giving that service the appearance of an interstate service, to avoid compliance with the laws of that State relating to intrastate motor transportation. A rehearing was sought by the appellant because the loop at Portsmouth was excluded, and by the protestants because the certificate was granted; but the Commission adhered to its order.

The appellant then brought a suit in equity against the Commission in the District Court of the United States for

---

[1] "Ordered that the said applicant be, and hereby he is, prohibited from incorporating within the regular route, upon which he will herein be granted a certificate to operate within the State of Ohio, any movement which shall provide for the crossing and recrossing of the Ohio River at Portsmouth, Ohio."

the Southern District of Ohio to restrain and prevent the enforcement of so much of the order as excluded from the intended route the loop at Portsmouth. The protestants and some police officers who might be called on to assist in enforcing the order were made codefendants with the Commission. The parties were all citizens of Ohio, and the sole ground advanced for invoking the jurisdiction of the federal court was that the suit was one arising under the Constitution of the United States and involving more than three thousand dollars. See sections 41 (1) and 380, Title 28, U. S. C.

In the bill so much of the order as excluded the loop at Portsmouth was assailed as an attempted restriction and regulation of interstate commerce by a state agency contrary to the commerce clause of the Constitution of the United States and to section 614–101 of the General Code of Ohio, and as denying to the appellant rights, privileges and immunities guaranteed by the Fourteenth Amendment. The prayer was for both an interlocutory and a permanent injunction, to be granted conformably to section 380, Title 28, U. S. C.

Three judges were called pursuant to that section to act in the suit; an interlocutory injunction was granted; and upon the final hearing there was a decree dissolving the injunction and dismissing the bill upon the ground that in a litigation between the same parties, had in the Supreme Court of Ohio while the suit in the District Court was pending, the Commission's order had been adjudged valid, and that the appellant was barred and estopped by that adjudication from further litigating the same matter. 33 F. (2d) 323. After the decree was entered, the appellant sought and the District Court allowed a direct appeal to this Court under sections 345 and 380, Title 28, U. S. C.

The appellees now have interposed a motion, under section 4 of rule 7 of the Rules of this Court, that the

decree be affirmed without awaiting oral argument upon the ground that the objections taken to the decree are so unsubstantial as not to admit of debate; and the parties have submitted full briefs in this connection.

The laws of Ohio make provision for a review of final orders of the Commission by the Supreme Court of the State—a judicial review culminating in a judgment. Gen. Code, §§ 544, 545; *Hocking Valley Ry. Co.* v. *Public Utilities Commission,* 92 O. St. 9, 14; *Hocking Valley Ry. Co.* v. *Public Utilities Commission,* 100 O. St. 321, 323; *Ohio Utilities Co.* v. *Public Utilities Commission,* 267 U. S. 359.

Shortly after the Commission denied their respective applications for a rehearing the appellant and the protestants by two distinct petitions sought and obtained a review of the Commission's order by the Supreme Court of the State—the appellant complaining of the exclusion of the loop at Portsmouth, and the protestants of the granting of the certificate. The Commission was made a party defendant to both petitions, and the petitions were consolidated and heard together. Thus the court had before it the entire order, the Commission, the appellant and the protestants. In that court the appellant charged in his petition that so much of the order as excluded the loop from the intended route was unlawful and should be reversed upon the grounds, among others, that it was not sustained by the evidence, denied to the appellant rights, privileges and immunities guaranteed by the Fourteenth Amendment, was in conflict with the commerce clause of the Constitution of the United States, and was in violation of section 614–101 of the General Code of Ohio. The grounds on which the protestants challenged the order are only obscurely indicated in the present record—possibly because having no bearing here.

After a hearing in which all of the parties participated the state court rendered a judgment sustaining and affirming the Commission's order in its entirety. 119 O. S. 264. No effort was made to have that judgment reviewed by this Court, and after the three months allotted for applying for such a review had elapsed, the defendants in the suit in the District Court, by leave of that court, interposed answers setting up the judgment as a bar to the further prosecution of the suit. A hearing upon this plea resulted in the decree now under review, which sustained the plea and dismissed the bill.

The case in the state court was so far identical with the suit in the federal court as respects subject matter and parties that there can be no doubt that the judgment in the former, unless invalidated by some jurisdictional infirmity, operated to bar the further prosecution of the latter. That the state court had jurisdiction of the parties is plain and not questioned. But the appellant does question that it had jurisdiction of the subject matter— and this although at the outset he treated that jurisdiction as subsisting and invoked its exercise. Of course, he is entitled to raise this question notwithstanding his prior inconsistent attitude, for jurisdiction of the subject matter must arise by law and not by mere consent. We turn therefore to the grounds on which that jurisdiction is questioned.

The appellant relies on the commerce clause of the Constitution as in some way operating to commit to the federal courts and to withhold from the state courts jurisdiction of all suits relating to the regulation or attempted regulation of interstate commerce. This view of that clause is quite inadmissible. It has no support in any quarter, is at variance with the actual practice in this class of litigation, *Gibbons* v. *Ogden*, 9 Wheat. 1; *Western*

*Union Telegraph Co.* v. *Public Service Commission,* 247 U. S. 105; *Pennsylvania Gas Co.* v. *Public Service Commission,* 225 N. Y. 397; s. c. 252 U. S. 23; *Peoples Gas Co.* v. *Public Service Commission,* 270 U. S. 550; *Public Utilities Commission* v. *Attleboro Co.,* 273 U. S. 83; *Murray* v. *Chicago & Northwestern Ry. Co.,* 62 Fed. 24, 42–43; and is in conflict with the doctrine often sustained by this Court that the state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts. *Claflin* v. *Houseman,* 93 U. S. 130, 136–137; *Robb* v. *Connolly,* 111 U. S. 624, 635–637; *Second Employers' Liability Cases,* 223 U. S. 1, 56–57; *Minneapolis & St. Louis R. R. Co.* v. *Bombolis,* 241 U. S. 211, 221–223. There is no such restriction which is applicable here.

It next is said that the suit in the federal court was begun before resort was had to the state court, and therefore that the jurisdiction of the federal court was exclusive and precluded action in the state court. In this the appellant is invoking a rule which is applicable to suits dealing with specific property and involving actual or potential control over the same, where necessarily the court (whether federal or state) first obtaining jurisdiction of the *res* must hold it to the exclusion of another. Here the litigation was not of that class, but was of such a nature that it could proceed in both courts, in virtue of their concurrent jurisdiction, until there was a final judgment in one, *Kline* v. *Burke Construction Co.,* 260 U. S. 226, when that judgment would become conclusive in the other as *res judicata. Chicago, Rock Island & Pacific Ry. Co.* v. *Schendel,* 270 U. S. 611, 616; *Insurance Co.* v. *Harris,* 97 U. S. 331, 336.

By way of further questioning the state court's jurisdiction, it is said that the state statutes, rightly under-

stood, do not invest that court with power to review orders of the Commission relating to interstate commerce, but only such as relate to other subjects, sections 502, 614–89, 614–101 of the Ohio General Code being cited. And by way of questioning that court's power to render the judgment in question, it is said that the state statute, section 544, General Code, although distinctly empowering the court to reverse, vacate or modify orders of the Commission found unlawful or unreasonable, contains no provision for an affirmance of those not so found. The powers of the state court in these particulars are questions of local law only. That court resolved them against the present contentions, for it both reviewed and affirmed the order. And that resolution is in accord with its earlier and later rulings. *Cannon Ball Transportation Co.* v. *Public Utilities Commission,* 113 O. S. 565; *Detroit-Cincinnati Coach Line, Inc.* v. *Public Utilities Commission,* 119 O. S. 324; *Wheeling Traction Co.* v. *Public Utilities Commission,* 119 O. S. 481. Plainly its solution of these questions of local law must be accepted as controlling in this Court, as they were in the District Court. *Standard Oil Co.* v. *Missouri,* 224 U. S. 270, 281; *Gasquet* v. *Lapeyre,* 242 U. S. 367, 369; *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389, 393.

In the opinion of the state court there is no express mention of the constitutional grounds on which the appellant asked a reversal of the order excluding the loop over the Ohio River at Portsmouth; and from this it is argued that the constitutional validity of the order was not determined, and therefore as to that matter the judgment is not *res judicata.* But the argument is not sound. The question of the constitutional validity of the order was distinctly presented by the appellant's petition and necessarily was resolved against him by the judgment affirming the order. Omitting to mention that question in the opinion did not eliminate it from the case or

make the judgment of affirmance any the less an adjudication of it. But while the opinion makes no specific reference to the attack on the constitutional validity of the order, it leaves no doubt that the court regarded that and other objections to the order as untenable, and on that basis affirmed it; for in the opinion the court says, "The finding of fact by the commission as to the intent and purpose of Grubb in seeking this side loop from Portsmouth to South Portsmouth and return was amply sustained by the records of the commission, and we see no error in the action of the commission denying that part of the application."

In his bill the appellant assails the validity of the order upon one ground not brought to the attention of the state court—a ground arising out of the granting to another interstate motor line of a certificate to operate buses over a route including the loop at Portsmouth; and he insists that this ground of objection is not concluded by the judgment of the state court, and therefore is open to examination and adjudication upon its merits by the District Court. But the judgment has a broader operation as *res judicata* than is thus suggested. The certificate referred to was granted several months before the appellant applied for a certificate and he had personal knowledge of it from the time it was granted. It was shown upon the records of the Commission and was easily accessible when the hearing was had upon his application. Thus it is a matter which, if having the bearing now suggested, could have been brought to the attention of the Commission either at that hearing or in his request for a rehearing, section 543, General Statutes; and, if it was not then given proper effect, he could have brought it to the attention of the state court and have made the same claim in respect of it that is now made in his bill.

The thing presented for adjudication in the case in the state court was the validity of the order, and it was in-

cumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that. *Werlein* v. *New Orleans,* 177 U. S. 390, 398, *et seq; United States* v. *California and Oregon Land Co.,* 192 U. S. 355, 358.

As the ground just described was available but not put forward the appellant must abide by the rule that a judgment upon the merits in one suit is *res judicata* in another where the parties and subject matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316, 319; *United States* v. *Moser,* 266 U. S. 236, 241; *Cromwell* v. *County of Sac,* 94 U. S. 351, 352.

We think it follows from what has been said that the objections taken to the decree below are so unsubstantial that the motion to affirm without awaiting oral argument should be sustained.

*Decree affirmed.*