Henrica ROODE, Plaintiff,

v.

Edwin G. MICHAELIAN, as Chief Execu-
tive Officer of the County of West-
chester, et al., Defendants.

No. 71 Civ. 2015.

United States District Court,
S. D. New York.

March 8, 1974.

Eugene M. Kaufman, New York City,
for plaintiff; Donald Congress, Jack J.
Sissman, New York City, of counsel.

John S. Mead, County Atty., White
Plains, N. Y., for defendants Edward G.
Michaelian, Leonard J. Barrett, Harold
L. Drimmer, Anna J. Bernard, John R.
Kibbe, William Sharwell, and the succes-
sors in their respective capacities of
Philip C. Martin, Robert H. Reynolds,
John A. Kley, William H. Mulligan and
Fred A. Wright; Townley, Updike,
Carter & Rodgers, John J. Macchia, Mi-
chael S. Belohlavek, New York City, of
counsel.

## OPINION

BONSAL, District Judge.

Plaintiff instituted this action pursu-
ant to the Civil Rights Laws (42 U.S.C.

§ 1983) on May 6, 1971. The complaint alleges that plaintiff was an assistant professor at Westchester Community College from September, 1965 through August 31, 1969, where she was employed on an annual contract renewed each year. Defendants are the former County Executive of Westchester County, and the President, Dean of the College, Dean of Student Personnel Services, and members of the Board of Trustees of Westchester Community College. The complaint alleges that defendants refused to rehire plaintiff for the academic year commencing in September, 1969 "because of her Union activities and associations." Plaintiff seeks an order directing the defendants to rehire her, and compensatory and punitive damages in the amount of $335,000. Jurisdiction is alleged under 28 U.S.C. § 1343.

Defendants move to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The following facts are not in dispute: Plaintiff, who is qualified as a nurse, was first employed by Westchester Community College in September, 1965 as an assistant professor in the Biomedical Department. In addition to her teaching duties, she was responsible for the operation of the student health center. She did not have tenure. In the fall of 1967, she became one of the original founding members of the local chapter of the United Federation of College Teachers and was active in the organizational efforts of the union. The union ultimately sought recognition as the bargaining agent for the faculty, and following a vote in February, 1969 it attained this recognition, supplanting the Faculty Association.

Plaintiff was notified by letter dated March 4, 1969 that she would not be offered a contract for the 1969–1970 academic year. On March 28, 1969 she filed a charge with the Westchester County Public Employment Relations Board ("PERB"), alleging that she was denied reemployment because of her activities on behalf of the union. In its answer, the County denied that its decision not to renew plaintiff's contract was motivated by her union activities. On June 5, 17, and 23, 1969 a hearing was held before Myles Ambrose, Esq., a Hearing Officer designated by PERB. On July 26, 1969, he found that plaintiff's charges had not been sustained on the evidence presented and recommended that the action of the college administration in not offering reemployment to the plaintiff "be left undisturbed." In his decision, the Hearing Officer noted that while plaintiff testified that various types of harassment were directed at her, he could find no indication from the evidence presented of her complaining that any of the alleged harassing acts were anti-union motivated until after the filing of the complaint with PERB. He also noted that the only evidence supporting plaintiff's charges was circumstantial in character and that there was no direct testimony that officals of the College had taken into consideration plaintiff's union activities in their decision not to offer her reemployment. Indeed, the Hearing Officer wrote: "There is not a scintilla of evidence to sustain such a conclusion [that plaintiff was not reemployed because of her union activity]. In order to do so we would have to postulate inferences on inferences ad nauseum."

On September 19, 1969 plaintiff's case was argued before PERB, and on December 29, 1969 the three-man Board found on the basis of their independent review of the record that plaintiff had been denied reemployment "in part because of her activities on behalf of [the union]". Accordingly, PERB issued an order directing plaintiff's reinstatement with back pay. The County did not comply with the order, and on February 3, 1970 PERB commenced an Article 78 proceeding (McKinney's Consol.Laws, c. 8) in the New York Supreme Court, Westchester County, to enforce its order. In its answer, the County contended that PERB's findings and order were "arbitrary and capricious and unsupported by

evidence." Plaintiff sought to intervene in the Article 78 proceeding. The court denied her motion to intervene but permitted her to file a brief *amicus curiae*, which she did. On April 14, 1970 the court denied PERB's petition, holding that PERB's finding, that the College's decision not to renew plaintiff's contract was made "in part" because of her union activities, was unsupported by the record. The court also noted: "In the case at bar, the record indicates that many members of the College teaching staff were active in the effort to unionize the staff, and they are still members of the staff." On May 14, 1970 the court entered judgment dismissing the Article 78 proceeding. PERB did not appeal. However, plaintiff appealed from the order denying her leave to intervene and from the judgment of May 14, 1970, but she has not perfected her appeals.

In Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court held that the nonrenewal of a nontenured public school teacher's contract may not be predicated on the exercise of the teacher's First Amendment rights, which of course include the right to participate in labor union activities. See Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430 (1945); Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir.1968). Defendants contend, however, that here plaintiff is precluded by the doctrines of res judicata and collateral estoppel from relitigating the factual issue determined against her by the Hearing Examiner and in the Article 78 proceeding, that is, whether her contract was not renewed "because of her union activities," as she alleged in her complaint. Plaintiff argues that the doctrines of res judicata and collateral estoppel are inapplicable here on the grounds: 1) that plaintiff was neither a party nor in privity with a party to the state court proceedings; and 2) that the state court determination was based only on the sufficiency of the evidence and did not therefore constitute a final decision on the merits of the issues she seeks to raise in the present action.

■ Under the doctrine of res judicata, if a previous judgment is valid, final, and on the merits, it is an absolute bar in another case on the same cause of action between the same parties and their privies "not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940), citing Grubb v. Public Utilities Commission, 281 U.S. 470, 479, 50 S.Ct. 374, 74 L.Ed. 972 (1930). See Bricker v. Crane, 468 F.2d 1228 (1st Cir.1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973); Chism v. Price, 457 F.2d 1037 (9th Cir.1972).

■■ The determination of identity between litigants for the purpose of establishing privity is a factual determination. Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir.1968). See also Harrison v. Bloomfield Building Industries, Inc., 435 F.2d 1192 (6th Cir.1970). Here, plaintiff participated as a party in the PERB proceedings, where the factual record was made, and had an opportunity to present whatever evidence she had in support of her claims at the three-day hearing. While plaintiff herself was not technically a party in the Article 78 proceeding thereafter, though she did file a brief *amicus curiae*, PERB was acting solely on her behalf and representing her interests in attempting to obtain her reinstatement. Having reviewed the record before PERB and in the Article 78 proceedings, the Court therefore finds that there was sufficient identity of interests between PERB and the

**56**

plaintiff in the Article 78 proceedings to establish privity for purposes of res judicata. See St. Louis Typographical Union No. 8 v. Herald Company, 402 F.2d 553 (8th Cir.1968); Acree v. Air Line Pilots Association, 390 F.2d 199 (5th Cir.), cert. denied, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968).

■ In the Article 78 proceedings, the issue presented was whether the evidence presented to the Hearing Examiner was sufficient to prove that plaintiff's contract had not been renewed because of her union activities. The state court held, after reviewing the entire record, that the evidence was not sufficient. Indeed, except for inferences based on circumstantial evidence of alleged acts of "harassment", the state court found no affirmative evidence that her contract was not renewed because of her union activities. Similarly, the issue here is whether plaintiff has adduced sufficient evidence to support her claims. Having also reviewed the entire record, this Court also finds that on the basis of the evidence presented, neither plaintiff nor PERB on her behalf has met its burden of proving the allegations of the complaint. Having once had her day in court, plaintiff is not entitled to relitigate the factual issue determined against her before the Hearing Examiner and in the Article 78 proceeding. See Tang v. Appellate Division, 487 F.2d 138 (2d Cir.1973); Taylor v. New York City Transit Authority, 433 F.2d 665 (2d Cir.1970); Kiernan v. Lindsay, 334 F.Supp. 588 (S.D.N.Y.1971) (Three-Judge Court), aff'd mem., 405 U.S. 1000, 92 S.Ct. 1295, 31 L.Ed.2d 472 rehearing denied, 405 U.S. 1076, 92 S.Ct. 1497, 31 L.Ed.2d 811 (1972). Plaintiff's remedy, if any, is by way of appeal in the state courts, and not by a trial *de novo* here.

For the foregoing reasons, the defendants' motion to dismiss the complaint is granted and judgment may be entered for defendants.

Settle Judgment on notice.