Lela Ensor BAILEY, Plaintiff,

v.

J. W. STREET, Defendant.

No. CIV-2-76-1.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 24, 1976.

Lodge Evans, Elizabethton, Tenn., for plaintiff.

Robert E. Banks and Lewis Merryman, Street, Banks, Merryman, Bautista & Banks, Elizabethton, Tenn., and S. J. Milligan, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ This is an action to recover money damages for the alleged deprivation by the defendant of the plaintiff's federal civil rights. 42 U.S.C. § 1983. The Court's jurisdiction was invoked * under 28 U.S.C. § 1343(3). The defendant moved for a dismissal of the action for lack of the Court's jurisdiction of the subject matter, Rule 12(b)(1), Federal Rules of Civil Procedure, and for the failure of the plaintiff to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, or in the alternative for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure.

■ This Court is of the opinion that the plaintiff's action herein is barred on the ground of res judicata. She " * * *

---

* The plaintiff also undertook to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as between citizens of different states; however, she claimed only that she was a "resident" of Kentucky and that the defendant was a "resident" of Tennessee. These constitute insufficient allegations of the respective citizenships of the parties. *Smith v. Dealers Transit, Inc.*, D.C.Tenn. (1964), 239 F.Supp. 605, 607[9], cited in *Grise v. Crownover*, D.C. Tenn. (1971), 57 F.R.D. 210, 211, n. [1]. Of course, defective allegations of jurisdiction may be amended, 28 U.S.C. § 1653; *Wells v. Celanese Corporation of America*, D.C.Tenn. (1964), 239 F.Supp. 602, 604, but the disposition of this matter renders the additional invoking of the Court's jurisdiction irrelevant.

**2**

must abide by the rule that a judgment upon the merits in one suit is res judicata in another where the parties and the subject matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. * * * " *Grubb v. Public Utilities Commission* (1930), 281 U.S. 470, 479, 50 S.Ct. 374, 378, 74 L.Ed. 972, 979 (headnote 10).

Verified exhibits before the Court reflect that Ms. Bailey sued Mr. Street in an inverse condemnation proceeding over the same subject as she presents herein, and that she obtained a judgment on May 22, 1975 on the merits therein. *Lela Ensor Bailey and Mary Ensor*, plaintiffs, v. *J. W. Street, Superintendent of Roads of Carter County, Tennessee*, defendant, civil action no. 1771 in the Circuit Court of Carter County, Tennessee. The plaintiff concedes that such judgment is final.

Both lawsuits complain of the construction of a landfill bridge across Stoney Creek in Carter County, Tennessee and flood damage to the property in which the plaintiff owns an interest as a result. Ms. Bailey claims herein that, in the process of accomplishing this public purpose, Mr. Street violated certain of her civil rights. In her earlier state court lawsuit she did not advance the federal constitutional claims she presents here. The state court was competent to decide questions arising under the federal Constitution. *Deane Hill Country Club, Inc. v. City of Knoxville*, C.A.6th (1967), 379 F.2d 321, 325[6], certiorari denied (1967), 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467. She is not permitted to withhold presentation of federal constitutional matters to sustain the rights she asserted in her state court action and then turn to a federal forum and litigate the same federal claim which she might have presented against Mr. Street in her state court action because she is dissatisfied with the action of the state court. *Ibid.*, 379 F.2d at 325[6, 7].

For such reason, the defendant's motion for a dismissal of this action for the failure of the plaintiff to state a claim on which relief can be granted hereby is SUSTAINED, and this action hereby is

DISMISSED.