**William J. LURIE et al.,
Plaintiffs–Appellants,**

v.

**STATE OF CALIFORNIA et al.,
Defendants–Appellees.**

**No. 78–3036.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 1980.

Decided Oct. 31, 1980.

Rehearing Denied Dec. 17, 1980.

Michael M. Berger, Fadem, Berger & Norton, Santa Monica, Cal., for plaintiffs–appellants.

Mary E. Hachenbracht, Deputy Atty. Gen., San Francisco, Cal., for defendants–appellees; Donatas Januta, Deputy Atty. Gen., San Francisco, Cal., on brief.

Before PREGERSON, FERGUSON and NORRIS, Circuit Judges.

FERGUSON, Circuit Judge:

The question raised by this appeal is whether the district court erred in dismissing plaintiffs' complaint on the ground that it reiterated claims presented to the state courts. The district court held the claims barred by res judicata. We hold that plaintiffs effectively failed to reserve their federal claims, and fully and freely litigated them in the state courts. We affirm.

I

Plaintiffs, members of a limited partnership, leased a parcel of land located within a marina owned·by the County of Los Angeles. On March 6, 1974, pursuant to its authority under the California Coastal Zone Conservation Act of 1972, Cal. Public Resources Code § 27000 (*repealed by* § 27650) (West 1977), the California Coastal Zone Conservation Commission rejected plaintiffs' application for a permit to construct a hotel on the leased property. Plaintiffs responded by filing suit in state court on April 23, 1974. Their complaint sought an order permitting the planned construction and damages due to the delay, or alternatively, damages as compensation for the lost value of their leasehold and their development expenditures. On May 6, 1974, they filed an almost identical complaint in United States District Court. Both complaints alleged, *inter alia*, violations of the due process clause and the contracts clause of the United States Constitution. The district court abstained pending resolution of the state court proceedings.

Thereafter, plaintiffs prosecuted their case in the state courts. Following a final ruling against them in the California Court of Appeal [1] and the filing of an unsuccessful petition for hearing with the California Supreme Court, plaintiffs sought to return to the district court to litigate their federal claims. Finding that they had submitted their federal issues to the state courts and had obtained rulings with respect thereto, the district court held the claims barred

under the doctrine of res judicata and dismissed with prejudice.

Plaintiffs urge two independent but related grounds for reversal. First, relying on *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 419, 84 S.Ct. 461, 466, 11 L.Ed.2d 440 (1964), they maintain that an effective reservation of federal issues was made before the California courts. Second, they argue that the federal issues were not presented to the state courts. Both arguments are without merit.

II

In *England, supra*, the plaintiff challenged the constitutionality of a Louisiana statute. The district court in which the suit was filed abstained to permit the state courts to interpret the statute. The Louisiana courts construed the statute and found it constitutional. When the plaintiffs sought to return to district court, that court held the decision of the state courts to be res judicata. On appeal, the Supreme Court accepted the district court's reasoning prospectively. *Id.* at 422, 84 S.Ct. at 468.

*England* held that a party who presents federal issues to a state court and receives an adjudication of those issues is precluded from raising them a second time in federal court. *Id.* at 419, 84 S.Ct. at 466. The Court noted that the factual inquiry as to whether federal claims had been adjudicated could be simplified by informing the state court that federal issues were not before it. *Id.* at 421, 84 S.Ct. at 467. Neither *England* nor its progeny have defined the form such a reservation must take.

Plaintiffs base their first claim, that they reserved their federal issues, upon a footnote appearing on page 149 of their motion for a peremptory writ of mandate filed in the state trial court. A shorter paragraph to the same effect appeared within a footnote to the brief plaintiffs submitted to the California Court of Appeal. Both footnotes

1. *Marina Plaza v. California Coastal Zone Conservation Commission*, 73 Cal.App.3d 311, 140 Cal.Rptr. 725 (1977).

explain that the federal district court proceeding was pending, and that the only issues submitted to the state courts involved state law.

While *England* fails to specify all the elements of an effective reservation, it does state that the party making the reservation must "inform" the state court of its intent to reserve federal issues. *Id.* at 421, 84 S.Ct. at 467. Plaintiffs' "reservation" fails to satisfy this requirement. There is no indication that the state trial court was aware of plaintiffs' desire to preserve their federal claims for later presentation to the federal district court. All the parties to the state action proceeded as if the federal claims were in issue.

To accept plaintiffs' argument that a reservation buried on the 149th page of a motion can preserve federal claims would undermine res judicata. A reservation serves the practical purpose of informing the court that certain issues are not before it. We refuse to turn it into a talisman which, when secreted as it was here, insulates adjudicated issues from the doctrine of res judicata. Fairness demands that, to be effective, a reservation be brought to the court's attention. The reservation in this case failed to meet this standard.

## III

■ Plaintiffs' second claim asserts that the district court erred in concluding that they, "[f]reely, voluntarily and without reservation previously submitted to the state courts ... the same issues, both state and federal law, which they raise in their herein complaint ...." They maintain that federal issues were touched upon only to the extent.necessary to satisfy the requirement that a state tribunal be put on notice of related federal questions. *See England, supra,* at 419–21, 84 S.Ct. at 466–467; *Government Employees v. Windsor,* 353 U.S. 364, 366, 77 S.Ct. 838, 839, 1 L.Ed.2d 894 (1957). The record in the state trial court belies this contention. Plaintiffs explicitly submitted and argued the federal issues to the court.

The district court dismissed plaintiffs' complaint for failure to state a claim upon which relief could be granted. However, because the court looked to documentary evidence in addition to the pleadings in granting the motion to dismiss, that dismissal is more properly characterized as a summary judgment. *See* Fed.R.Civ.P. 12(b); *Black v. Payne,* 591 F.2d 83, 89 (9th Cir.), *cert. denied,* 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979). Under these circumstances we can uphold the lower court's dismissal if summary judgment in favor of the defendant would have been proper at the district court level. *Engineering Inc. v. United Technologies Corp.,* 614 F.2d 1244, 1247 (9th Cir.1980); *Potrero Hill Community Action Comm. v. Housing Authority of San Francisco,* 410 F.2d 974, 974 (9th Cir.1969).

Summary judgment is proper:

only where there is no genuine issue of any material fact or where viewing the evidence ... in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law.

*Preaseau v. Prudential Insurance Co. of America,* 591 F.2d 74, 80 (9th Cir.1979) (citations omitted). Examination of the record, informed by this standard, reveals that summary judgment could have been properly granted by the district court.

The complaints filed in the state and district courts were substantially the same. Both alleged that the actions taken by the Coastal Commission violated plaintiffs' rights guaranteed by the due process and contracts clauses of the United States and California constitutions. In addition, plaintiffs submitted a notice of motion for peremptory writ of mandate to the state trial court in which they argued, *inter alia,* that: (1) federal constitutional law forbids a state from taking property without justly compensating its owners; (2) the right to own and dispose of property is a fundamental right guaranteed by the United States and California constitutions; (3) the California Coastal Zone Act is a bill of attainder in violation of the United States Constitution and is unconstitutionally vague under the due process and equal protection clauses; (4) the failure of the Coastal Commission to

provide adequate notice of the issues it was considering violated the due process clauses of the United States and California constitutions.

The complaint in the state court and the motion for peremptory writ of mandate urged both state and federal constitutional claims. The state trial court made specific findings of fact and conclusions of law in response to plaintiffs' allegations of unconstitutional taking and denial of procedural due process. It cannot be suggested that the federal constitutional issues were not before the state trial court. *See Lecci v. Cahn*, 493 F.2d 826, 830 (2d Cir.1974). The fact that the affirmance by the California Court of Appeal makes no mention of the federal issues is irrelevant. *See Grubb v. Public Utilities Commission*, 281 U.S. 470, 477–78, 50 S.Ct. 374, 377–378, 74 L.Ed. 972 (1930); *Lecci v. Cahn, supra*, at 830.

In *England, supra*, the Supreme Court balanced two competing policies underlying res judicata and abstention. The Court first noted that Congress, in providing for concurrent federal jurisdiction in specific categories of cases, was concerned that qualified litigants not be denied an opportunity to have a federal court determine their claims. *England, supra*, 375 U.S. at 415, 84 S.Ct. at 464. The Court went on to declare, however, that there was:

> [n]o reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court. Such a rule would not only countenance an unnecessary increase in the length and cost of the litigation; it would also be a potential source of friction between the state and federal judiciaries.

*Id.* at 419, 84 S.Ct. at 466.

In affirming the district court, we are mindful of plaintiffs' right to a federal forum and of the necessity of respecting state court judgments. Plaintiffs first sought to have their rights determined in state court; there is little reason to fear that they have involuntarily lost their opportunity to liti-gate in federal court. However, the order in which the two complaints were filed is not crucial to our decision. Because plaintiffs fully and freely litigated their federal claims before a state tribunal, res judicata forecloses a second opportunity to litigate those claims.

The judgment is AFFIRMED.