MR. JUSTICE HARRISON,
dissenting.
I dissent.
In Ingram-Clevenger we were asked to decide whether county commissioners are statutorily mandated to abandon county roads when petitioned by landowners, pursuant to Section 7-14-2601 et seq., MCA. We found the authority discretionary. The commissioners concluded abandonment of 40 feet of the right-of-way of McHugh Lane was not in the best interests of the county roads and the county road districts.
Regrettably the county did not move for summary judgment based on the doctrine of res judicata. It did, however, raise the doctrine as a defense, which I believe is well taken. Certainly access to the courts to pursue a lawful claim is central to our constitutional system. Of equal importance to the functioning of the system, however, is the notion that at some point litigation must come to an end. In this case, that point was reached when we decided IngramClevenger.
The practice of relitigation is condemned by the United States Supreme Court. U.S. v. California and Oregon Land Co., (1904), 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476, and Grubb v. Public Utilities Commission of Ohio (1930), 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972. In the Oregon Land case, the United States brought an action claiming certain patents it had granted to the California and Oregon Land Co. were void because of a statute. The court ruled against the United States. On the second try it claimed the statutes were void *212 because some of the property was on Indian Tribal land. Mr. Justice Holmes, writing for the majority, stated:
“The whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim, [citing cases] and, a fortiori, he cannot divide the grounds of recovery.”
Oregon Land, 192 U.S. at 358, 24 S.Ct. at 267, 48 L.Ed. at 479.
In the Grubb case the plaintiff unsuccessfully sought to restrain, through the state courts, enforcement of an order allowing a license to operate a bus on all but a tiny portion of a bus route. Plaintiff then brought suit in federal district court alleging the order violated the Commerce Clause of the United States Constitution. The suit was dismissed. The United States Supreme Court, in upholding the dismissal said:
“[A] judgment on the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end.”
Grubb, 281 U.S. at 479, 50 S.Ct. at 378, 74 L.Ed. at 979.
The case at bar parallels Grubb. The appellants here seek to gain title to the land bordering McHugh Lane. That was the objective in Ingram-Clevenger. The parties in this case were also parties in Ingram-Clevenger. All theories of recovery should have been raised in the first action.
We consistently have applied a four element test to determine whether or not a second action is barred:
“First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them . . .”
State ex rel. Sullivan v. School District (1935), 100 Mont. 468, 472, 50 P.2d 252, 253. See also Harris v. Harris (Mont. 1980), 616 P.2d 1099; S-W Co. v. John Wight, Inc. (1978), 179 Mont. 392, 587 P.2d 348; Smith v. County of Musselshell (1970), 155 Mont. 376, 472 P.2d 878.
Merely a cursory examination of the four elements shows the parties or their privies are the same. Certainly the subject matter, a 20 foot-wide strip of land on either side of McHugh Lane, is the same. The capacity of the persons in reference to McHugh Lane is un *213 changed. The only element of controversy is whether the issue is the same.
A careful analysis shows the justicible issue to be the same. Appellants contend McHugh Lane was never properly dedicated a county road, despite Ingram-Clevenger, which says, “McHugh Lane was a properly dedicated county road with a width of 100 feet”, 636 P.2d at 1373. Judge Loble’s well-phrased order is equally clear:
“The statutes concerning abandonment of county roads, Section 7-14-2601 et seq., MCA, contemplate that there must be a county road in existence before it can be abandoned. How can it be otherwise? A justicible controversy could not have existed in Ingram-Clevenger if McHugh was not an actual county road, 100 feet wide.”
Clearly there is a road, 100 feet wide.
Undaunted, the landowners now attempt to cloak themselves in a different theory of recovery, arguing the facts and purposes for which the first action was brought constitute separate claims and res judicata does not apply. This seems like a case of deja vu.
The facts are these: In 1980 the landowners petitioned the county commissioners to abandon 20 feet on either side of McHugh Lane. The county commissioners refused. An action for mandamus was issued wherein the district court directed the county commissioners to abandon part of the road. We reversed, holding the statutes under which abandonment is accomplished are discretionary, precluding mandamus. The question is, what was the purpose or objective of the landowners’ first action? Certainly it was to force the county commissioners to abandon 20 feet on either side of McHugh Lane, not to have a determination of whether an action by the county commissioners was discretionary or mandatory.
In 1982, the same property owners brought an action claiming there really was no properly dedicated road, and even if there were a properly dedicated road, 20 feet on either side should have been declared not to be part of that road. Notwithstanding the issues are phrased differently this time around, the substance of the landowners’ contention is they want the county commissioners to abandon 20 feet on either side of McHugh Lane. A cause of action cannot be split in an attempt to prevail under a different theory the second time around. Hughs v. Salo (Mon. 1983), [203 Mont. 52,] 659 P.2d *214 270, 275, 40 St.Rep. 289, 295-96.
I would affirm.
MR. JUSTICE HUNT joins in the foregoing dissent of MR. JUSTICE HARRISON.