993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ANDRISANI, Plaintiff-Appellant,
v.
STATE of California, Defendant,
and
First Western Development Corporation, Defendant-Appellee.
Albert ANDRISANI, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; First Western Development Corporation,
Defendants-Appellees.
Albert Andrisani, Plaintiff-Appellant,
v.
STATE of California, Defendant-Appellee,
and
First Western Development Corp., Defendant.
Albert ANDRISANI, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; First Western Development Corporation;
Daniel E. Lungren, Defendant-Appellees.
 Nos. 91-56114, 91-56229, 91-56365 and 91-56431.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided May 6, 1993.
 
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Albert Andrisani appeals the district court's dismissal of his various lawsuits against the State of California, several of its judges, and the First Western Development Corporation ("First Western"). We affirm.
 
 
 3
 * Title 42 U.S.C. § 1983 Claims
 
 
 4
 Two of Andrisani's appeals (91-56229 and 91-56431) concern the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of his claims under 42 U.S.C. § 1983 against California, First Western, and several California judges.
 
 
 5
 It is well settled that the federal district court lacks subject matter jurisdiction to review actions of state courts. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Murdock v. City of Memphis, 87 U.S. (20 Wall.) 590 (1875). This includes a § 1983 action which is nothing more than a review of state court proceedings.
 
 
 6
 Andrisani's § 1983 action is nothing more than an attempt to have the district court review alleged errors committed by the California state courts. His first amended complaint contains twenty causes of action, all of which allege errors committed by the state courts. All of these issues were adjudicated in the California state courts. Although he is claiming several violations of his due process and equal protection rights, Andrisani's alleged § 1983 claims are nothing more than a collateral challenge to adverse state court proceedings.
 
 
 7
 As courts of original jurisdiction ... [district courts] do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional. This rule applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights.
 
 
 8
 Allah v. Superior Court, 871 F.2d 887, 890-891 (9th Cir.1989) (citations omitted). Thus the district court lacked subject matter jurisdiction and properly dismissed the § 1983 claims.
 
 
 9
 Furthermore, dismissal of the claims against the California state court judges was entirely appropriate because those judges have absolute immunity from § 1983 suit. Stump v. Sparkman, 435 U.S. 349 (1978). The state court judges were not acting in "clear absence of all jurisdiction" and thus are accorded absolute immunity. Id. at 358.
 
 II
 Vexatious Litigant Statutes
 
 10
 Andrisani next challenges (91-56365 and 91-56114) the constitutional validity of the California "vexatious litigant" statutes, Cal.Civ.Pro. § 391 et seq..
 
 
 11
 Andrisani makes several arguments in his briefs that the California statutes violate the constitution of the State of California. California courts have upheld the validity of the vexatious litigant statutes under the California constitution. Taliaferro v. Hoogs, 236 Cal.App.2d 521 (Cal.App. 1 Dist.1965). Federal courts may not review issues of purely state law which have been decided by state courts. Murdock v. City of Memphis, 87 U.S. (20 Wall.) 590 (1875). Thus neither we nor the district court can review the state constitutionality of the California statutes.
 
 
 12
 Andrisani's claims under the U.S. Constitution are barred by the doctrine of res judicata, because he fully litigated these claims in California state court. The parties did not argue res judicata before the district court, although the issue was raised as an affirmative defense in the pleadings and thus was not waived.[1] Fed.R.Civ.P. 8(c). It is not clear from the record on what basis the district court granted summary judgment. However, we "must affirm a correct decision on any ground fairly supported by the record", Maykuth v. Adolph Coors Co., 690 F.2d 689, 695 (9th Cir.1982), including affirming a dismissal which could have been based on the doctrine of res judicata, even if that was not the basis for the district court's decision. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.1984).
 
 
 13
 "The doctrine of res judicata provides that when there is a final judgment on the merits, further claims by the parties or their privies based upon the same cause of action are barred." Board of Trustees of Carpenters Pension Fund v. Reyes, 688 F.2d 671, 673 (9th Cir.1982), cert. denied, 462 U.S. 1120 (1983). This doctrine applies to state court judgments in federal court. "Congress has commanded federal courts to give state court judgments the same full faith and credit as they would receive in the courts of the state, 28 U.S.C. § 1738." Derish v. San Mateo-Burlingame Board of Realtors, 724 F.2d 1347, 1349 (9th Cir.1983). See also Allen v. McCurry, 449 U.S. 90, 95 (1980); Montana v. United States, 440 U.S. 147 (1979).
 
 
 14
 Under California law, a prior decision will preclude relitigation of an issue if: (1) the identical issue was necessarily decided in the prior proceeding; (2) the decision was a final judgment on the merits; and (3) the party against whom preclusion is asserted was a party to or in privity with a party to the prior proceeding. People v. Sims, 651 P.2d 321, 331 (Cal.1982).
 
 
 15
 Andrisani has already had his claims on the federal constitutional validity of the California statutes adjudicated by the California courts. In First Western Development Corp. v. Superior Court, 261 Cal.Rptr. 116 (Cal.App. 2 Dist.1989), First Western appealed the Superior Court's denial of its motion to declare Andrisani a "vexatious litigant" under Cal.Civ.Proc. § 391. In determining Andrisani was a vexatious litigant under the statute, the California Appeals Court determined that the California statutes were constitutional.[2] Id. at 121. Andrisani was a party to those suits and challenged the constitutional validity of the statutes. Andrisani freely admitted during oral argument before this court that he had raised the same federal constitutional claims in his appearances before the California courts. Appellant had those claims decided against him.
 
 
 16
 Andrisani cannot now relitigate those claims in federal district court. "Because plaintiffs fully and freely litigated their federal claims before a state tribunal, res judicata forecloses a second opportunity to litigate those claims [in federal court]." Lurie v. State of California, 633 F.2d 786, 789 (9th Cir.1980), cert. denied, 451 U.S. 987 (1981). Andrisani could have sought U.S. Supreme Court review of the California state court decisions on the federal questions. "That the adjudication of federal questions by the [state] Supreme Court may have been erroneous is immaterial for purposes of res judicata. A higher court [the U.S. Supreme Court] was available for an authoritative adjudication of the federal questions involved." Angel v. Bullington, 330 U.S. 183, 187 (1947) (citations omitted).
 
 
 17
 Our review of the record and appellant's admissions during oral argument that he presented the same federal constitutional issues in his state court litigation indicates Andrisani has had his federal constitutional claims fully and fairly adjudicated in the state courts. The doctrine of res judicata bars his relitigation of those issues in federal district court. If Andrisani was unsatisfied with the results he received in state court, he should have appealed that decision to the United States Supreme Court, not the federal district court.
 
 
 18
 The district court's dismissal of Andrisani's claims is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 However, we have even allowed the district or bankruptcy court to raise the res judicata issue sua sponte, although the defendant has failed to sufficiently plead that issue. See McClain v. Apodaca, 793 F.2d 1031 (9th Cir.1986)
 
 
 [2]
 We note that Andrisani's relitigation of the same constitutional issues continued in state court during and after the district court's examination of that issue. The California Court of Appeals again upheld the constitutionality of the California statutes against Andrisani's challenges. Andrisani v. Saugus Colony Ltd., 8 Cal.App.4th 517 (1992). "Insofar as the statutes at issue have been held to be constitutional, we do not address appellant's assertions to the contrary." Id. at 522 n. 7 (citations omitted)
 We also note appellant apparently unsuccessfully argued his constitutional claims before the state trial court on at least two occasions while the issue was being examined by the district court. Saugus Colony, 8 Cal.App.4th at 521. However, there is not enough information available for this court to determine whether those trial court decisions are res judicata. Suffice it to say Andrisani has had several bites at the apple on the issue of the statute's federal constitutionality.