**William G. CLARK, Plaintiff,**

v.

**INDUSTRY AND LOCAL 338 PENSION AND WELFARE FUND, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Defendant.**

No. 83 Civ. 9298 (LFM).

United States District Court, S.D. New York.

Dec. 6, 1984.

Cohen, Weiss & Simon by Stanley M. Berman and Jani K. Rachelson, New York City, for defendant.

Jordan & Walster, Montgomery Hollow by K. Randlett Walster, Roxbury, N.Y., for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant moves for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. There are no material facts in issue. Defendant contends that plaintiff's claim is barred as a matter of law under the doctrine of *res judicata.* Alternatively, defendant contends that under the doctrine of collateral estoppel, plaintiff may not relitigate certain issues previously determined, and, accordingly, defendant is entitled to judgment as a matter of law.

This action arises from plaintiff's claim that he is owed past service credit under defendant's pension plan. The trustees of defendant Industry and Local 338 Pension Fund determined that plaintiff is entitled to seven years of past service credit for his nineteen years of employment at Matthew Brothers Inc.

On February 9, 1977, the New York State Insurance Department commenced an administrative proceeding against the trustees, alleging that they had violated New York Insurance Law Article III–A by failing to accord plaintiff past service credit for the full amount of his employment. The Insurance Department conducted a four-day evidentiary hearing, and on December 17, 1980 the Superintendent of Insurance decided against the trustees.

The trustees then brought a special Article 78 proceeding which was transferred to the Appellate Division, Second Department. On May 10, 1980, the Appellate Division reversed, holding that the Superintendent had exceeded his jurisdiction because the trustees had carried out their duties in accordance with the requirements of the pension plan and there was no showing that those requirements were arbitrary or capricious. *Heithaus v. Lewis,* 86 A.D.2d 323, 450 N.Y.S.2d 32 (2d Dept. 1982).

■ The doctrine of *res judicata* bars litigation of the same claim in a subsequent proceeding between the same parties or their privies with respect to issues actually decided as well as those which might have been decided. *Winters v. Lavine,* 574 F.2d 46, 55–56 (2d Cir.1978). Defendant argues that the instant complaint alleges the same claim as that determined by the Appellate Division in *Heithaus v. Lewis, supra,* namely, plaintiff's entitlement to past service pension credit, and, therefore, that plaintiff is bound by that earlier judgment. Plaintiff counters that his complaint is not precluded by the previous decision because (1) he was not a party or a "privy" to the earlier proceeding, and (2) the claims in the two proceedings are not the same.

### PRIVITY

■ "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Staten Island Rapid Transit Operating Authority v. I.C.C.,* 718 F.2d 533, 542 (2d Cir.1983), citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327 & n. 7, 99 S.Ct. 645, 649 & n. 7, 58 L.Ed.2d 552 (1979). "Privity," for purposes of judicial finality, generally means:

"concurrent relationship to the same right of property; successive relationship to the same right of property; or representation of the interests of the same person."

*Staten Island Rapid Transit Operating Authority v. I.C.C., supra,* 718 F.2d at 543, citing 1B J. Moore & T. Currier, *Moore's*

*Federal Practice* ¶ 0.411[1] at 1255 (2d ed. 1965). Plaintiff is therefore bound by the prior judgment if his interests were adequately represented by the Department of Insurance, and the Department was vested with the authority of representation. *See, e.g., Ellentuck v. Klein,* 570 F.2d 414, 425 (2d Cir.1978).

■ New York CPLR § 7802(c) (McKinney 1981) provides that:

"Where the [Article 78] proceeding is brought to restrain a body or officer from proceeding without or in excess of its jurisdiction in favor of another, the latter shall be joined as a party."

The effect of this provision is to require joinder of a party in an Article 78 proceeding where that party's interest is at stake. Since plaintiff was not joined in the Article 78 proceeding, his interest was not adequately represented.[1] Moreover, although the Department of Insurance has broad statutory powers of investigation and accounting,[2] we find no indication that the Department is authorized to litigate on behalf of citizens. *See* N.Y. Insurance Law § 37 (McKinney 1983).[3]

Furthermore, plaintiff never authorized the Department to represent him. The Department brought the proceeding on its own volition, and plaintiff neither exercised nor possessed any control over the action at any level. He attended only one of the four days of hearings, and then only because the Department called him to testify. He was never given an opportunity to present evidence, to make legal arguments,

---

**1.** The failure to join plaintiff could have been raised by the parties in the Article 78 proceeding. However, their failure to raise the issue there does not result in preclusion to plaintiff, for an absent party whose joinder was mandatory is not bound by the judgment. *Provident Tradesmen's Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968).

**2.** Article III–A of the New York Insurance Law authorizes the Department to supervise employee trust funds for the protection of employee beneficiaries and their families. The statute provides for the registration of funds (§ 37–b), maintenance of fund records and periodic ex-

amination of fund affairs (§ 37–c), and annual statements and reports to the Superintendent, employers and employees (§§ 37–g, 37–h, 37–i). However, it does not provide for litigation on behalf of employees. N.Y. Insurance Law § 37 (McKinney 1983).

**3.** *Cf. Newsday, Inc. v. Ross,* 80 A.D.2d 1, 437 N.Y.S.2d 376 (2d Dept. 1981) (Industrial Commissioner and an employee were in privity in a prior proceeding based on a statute which authorized Commissioner to take assignments of employees' claims for wages and to sue on such claims).

or to call witnesses.[4] Plaintiff thus was not accorded a full and fair opportunity to litigate his claim.

Since plaintiff was neither a party nor a privy to the prior proceeding, due process prohibits precluding him from bringing the instant claim even if the same claim was resolved in the prior proceeding. *Parklane Hosiery Co. v. Shore, supra.* It is therefore unnecessary to discuss the issue of whether the claims in the two proceedings are the same.[5] For the foregoing reasons, we hold that plaintiff is not barred from bringing the instant claim under the doctrine of *res judicata.*

■ Defendant next argues that plaintiff is collaterally estopped from challenging the Appellate Division's finding that the trustees "properly made [the] determinations as to the eligibility of [plaintiff] ... for pension credits, in accordance with the duly adopted provisions of the Plan." *Heithaus v. Lewis, supra,* 86 A.D.2d at 328, 450 N.Y.S.2d 32. Collateral estoppel precludes the relitigation of identical issues decided in a prior claim and decisive of a later claim unless a fair and full opportunity to contest that decision was not afforded. *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (N.Y.1969).

■ We decline to hold that plaintiff is collaterally estopped because he had no control of the defense of the prior proceeding, of the decision whether to appeal, or of the prosecution of the administrative hearing. *See, e.g., United States v. Depilatron Epilator etc.,* 473 F.Supp. 913 (S.D.N.Y. 1979).

**4.** *Cf. Roode v. Michaelian,* 373 F.Supp. 53 (S.D. N.Y.1974) (privity found where plaintiff had prosecuted administrative proceeding seeking reinstatement and had opportunity to present evidence and legal argument to agency and to court).

**5.** It should be noted, however, that, although these two claims involve overlapping issues and similar questions of law and evidence, it is not clear that "a different judgment in the second would destroy or impair rights or interests es-

Accordingly, defendant's motion is denied in all respects.

So ordered.

tablished in the first." *Schuykill Fuel Corp. v. Nieberg Realty Corp.,* 250 N.Y. 304, 165 N.E. 456 (N.Y.1929). In the Article 78 proceeding, the trustees obtained a determination that the Superintendent of the Insurance Department had exceeded his jurisdiction in directing the trustees to afford pension credits in a fashion contrary to the pension plan. Plaintiff's claim, however, is for enforcement of the terms of the plan.