**Patrick MEAGHER, on Behalf of the PENSION PLAN OF the CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND, Plaintiff,**

**v.**

**The BOARD OF TRUSTEES OF the PENSION PLAN OF the CEMENT AND CONCRETE WORKERS DISTRICT PENSION FUND, Defendant.**

No. 94 Civ. 0426 (MJL).

United States District Court, S.D. of New York.

May 25, 1995.

162

Edgar Pauk, Legal Services for the Elderly, New York City, for plaintiff.

Daniel J. McCarthy, Robert J. Bhend, Bisceglie & McCarthy, Newark, NJ, for defendant.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is Defendants' motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis of res judicata and collateral estoppel. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

This is not the first suit Plaintiff has brought before this Court. In December 1989, Meagher commenced an action ("Action One") against the Cement and Concrete Workers District Counsel [sic] Pension Fund and Welfare Fund ("Pension Fund"), claiming that the Pension Fund denied him certain pension benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). The facts of Action One are catalogued at length in this Court's Opinion and Order, 1992 WL 75128, dated March 21, 1992 ("March 21 Order"), which disposes of the parties' cross-motions for summary judgment. The Court recites these facts in summary form below. Meagher, for purposes of calculating his pension, had thirty years of credited service with the Pension Fund. He had two periods of credited service uninterrupted by a break in service: the first being a 19 year period from 1956–74, and the second, 1978–88. Until 1967, to earn a year of current service credit, an individual was required to earn at least $2,000 in the industry. Thereafter, the individual was required to work a minimum of four hundred hours in the industry each year to earn a year of current service credit. Plaintiff was unable to find employment "within the industry" during 1975 and 1976; thus, he could not satisfy the 400 hour requirement.

In August 1983, in response to a request by Meagher for a statement of his accumulated vested retirement benefits, the Pension Fund informed Meagher that he had: (1) a total of 25 years of credited service; (2) a three-year consecutive break in service in 1975–77; and (3) that he did not qualify for a pension benefit under § 201 of the Pension Plan due to his break in service.

In April 1984, Plaintiff appealed the calculation of his benefits to the Trustees of the Pension Fund ("Trustees"), arguing that his 1975–76 break in service was involuntary and due to depression in the industry, and, therefore, should not be considered a break in service affecting his pension status. The Trustees denied Plaintiff's appeal, and Plaintiff subsequently applied for pension benefits in 1989 with retirement effective August 1, 1989.

In December 1989, Plaintiff commenced Action One against the Pension Fund. Subsequently, Plaintiff moved for summary judgment, and Defendant cross-moved. The Court denied Plaintiff's motion and granted Defendant's motion. The Court noted that it had "limited authority to disturb decisions reached by administrators of pension plans that are subject to ERISA. Such determinations must be sustained absent a finding of arbitrary or capricious action ... [p]articularly ... where, as here, the plan itself accords broad discretion to the fiduciaries." March 21 Order at 5 (citation omitted) (ellipses in original). The Court then held that "[P]laintiff ... failed to offer any support for his argument that the trustees have acted towards him in an arbitrary or capricious manner, that they have treated him differently from others similarly situated, or that he has been the target of some form of punishment by the trustees of the plan." *Id.*

On March 16, 1993, Plaintiff, by his new and current counsel, moved for relief from the March 21 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff's Rule 60(b) motion raised "substantially the same claims" as the current action ("Action Two"). Pl.'s Mem. at 5. Plaintiff argued that "neither [his] former counsel nor defendants' counsel brought to the attention of this Court controlling statutory authority that would have required that summary judgment be granted to plaintiff." Bisceglie Aff. Ex. E at 1–2. By Order dated December 16, 1993 ("December 16 Order"), this Court denied Plaintiff's Rule 60(b) motion, holding that the purported error of Plaintiff's counsel did not constitute extreme circumstances or hardship justifying relief under Rule 60(b).

In December 1993, Plaintiff appealed this Court's denial of his Rule 60(b) motion. Shortly thereafter, on January 25, 1994, Plaintiff filed Action Two, purportedly "on behalf of the [Plan]." *See* Complaint (caption). On March 14, 1994, the parties stipulated to dismiss the appeal in Action One without costs. Bisceglie Aff. Ex. G.

In Action Two, Plaintiff, as "a pensioner in receipt of a pension from, and a participant ... in the Plan," Complaint ¶ 4, asserts thirteen claims against the Trustees. In sum, the Complaint alleges that the Trustees, "by adopting and continuing to enforce certain provisions of the Plan, by establishing certain 'practices' at odds with the terms of the Plan, and by failing to describe their non-conforming 'practices' in the Pension Plan [brochure] or its Summary, violated and continue to violate [ERISA], and their fiduciary duties to the Plan." Pl.'s Opp.Mem. at 4. Among the many claims asserted in the Complaint, Plaintiff contends that the Trustees' alleged creation of a "break in employment for any *vested* participant who is under the age of 60 and who works less than 400 hours in covered employment in each of two successive calendar years," Complaint ¶ 17 (emphasis supplied), and the Trustees "treating *vested* participants more harshly than [sic] non-vested ones," *id.* ¶ 20, violate ERISA (emphasis supplied).

## DISCUSSION

Defendants contend that the Complaint should be dismissed on the grounds of res judicata and collateral estoppel because it raises issues which "were, or should have been, litigated in [Action One]." Defs.' Mem. at 1. Plaintiff counters that he brings Action Two in a representative capacity—on behalf of the Plan—unlike Action One, which he brought individually. Plaintiff asserts that this distinction precludes application of the doctrines of res judicata and collateral estoppel. Plaintiff also contends that the two actions involve separate issues, therefore precluding the operation of res judicata and collateral estoppel. After reviewing the parties' arguments, this Court finds that res

judicata bars this action and, therefore, grants Defendants' motion to dismiss.[1]

### Res Judicata

The judicially created doctrine of res judicata was established to avoid repetitive litigation of the same causes of action. *Expert Elec., Inc. v. Levine,* 554 F.2d 1227, 1232 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977) (citing *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)). The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins,* 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980)). Res judicata, thus, binds parties and their privies "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Harborside Refrigerated Servs., Inc. v. Vogel,* 959 F.2d 368, 372 (2d Cir.1992) (quoting *Sunnen,* 333 U.S. at 597, 68 S.Ct. at 719).

In order to trigger the doctrine of res judicata, "[t]here must be both an identity of parties and an identity of issues between the prior and subsequent suits. . . ." *Expert,* 554 F.2d at 1233. However, the fact that "both suits involved 'essentially the same course of wrongful conduct' is not decisive." *Prime Management Co., Inc. v. Steinegger,* 904 F.2d 811, 815 (2d Cir.1990) (quoting *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955)). Rather, the determination of "[w]hether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (quoting *NLRB v. United Technologies Corp.,* 706 F.2d 1254, 1260 (2d Cir.1983)).

---

1. Because this Court finds dismissal proper on the basis of res judicata, it does not reach the parties' arguments regarding the application of the doctrine of collateral estoppel to this case.

■ Typically, "res judicata is an affirmative defense to be pleaded in the defendant's answer." *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.), *cert. denied,* 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992) (citing Fed. R.Civ.P. 8(c)). Nevertheless, "when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.* (citing *W.E. Hedger Transp. Corp. v. Ira S. Bushey & Sons,* 186 F.2d 236, 237 (2d Cir. 1951)).

### A. Identity of Parties

#### 1. Plaintiffs

■ Plaintiff claims that there is no identity of parties because he appears in Actions One and Two in diverging legal capacities. Plaintiff argues that he brought the first action individually and that he brings the second one in a representative capacity—on behalf of the Plan. Plaintiff, relying on Fifth Circuit case law, contends that "[r]es judicata does not apply to a situation such as the one here in which a party appears in one action in an individual capacity and in a subsequent action in a representative capacity." Pl.'s Mem. at 11 (quoting *Clark v. Amoco Production Co.,* 794 F.2d 967 (5th Cir.1986)). Defendants, on the other hand, contend that Plaintiff must bring Action Two, like Action One, in his individual capacity because ERISA does not authorize derivative actions by individuals on behalf of pension plans. Alternatively, Defendants argue that even if Plaintiff brings Action Two in a representative capacity, privity exists between Meagher as an individual Plaintiff and Meagher as a derivative action litigant. For the reasons stated below, the Court finds identity between Plaintiffs in Actions One and Two.

The parties have presented extensive briefing on the issue of whether the Court should construe Plaintiff's action as a representative action on behalf of the Plan for the purposes of res judicata. The Court, however-er, does not reach this issue because it finds that, even if Plaintiff properly characterizes Action Two as a "derivative" action, his argument that res judicata should not apply must fail.

■ Meagher relies upon Fifth Circuit case law,[2] which supports the general proposition that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by [sic] or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Restatement (Second) Judgments § 36 (1980). Although the Second Circuit has not expressly ruled on this issue, this general rule does not apply where the representative is also one of the "beneficiaries" of the subject matter of the action. *See Corcoran v. Chesapeake & Ohio Canal Co.,* 94 U.S. 741, 745, 24 L.Ed. 190 (1876) (party barred from relitigating case in individual capacity where he was holder of bonds in question during prior litigation as trustee of bonds); *Freeman v. Lester Coggins Trucking, Inc.,* 771 F.2d 860, 862 (5th Cir. 1985) (where party seeks damages for himself in successive actions, individual and representative distinction collapses and collateral estoppel or res judicata applies); *In re Bertoli,* 58 B.R. 992, 995–96 (D.N.J.1986); *In re Wilcher,* 56 B.R. 428, 439 (Bankr.N.D.Ill. 1985) (res judicata applies when "party prosecutes an action in a representative capacity but is also himself one of the parties represented"); *Alderman v. Chrysler Corp.,* 480 F.Supp. 600, 605 (E.D.Va.1979) (although different interests generally represented by a person suing individually and later as a representative, where litigant a beneficiary of estate he or she represents, his or her interests necessarily at stake, and res judicata applies); *Howell v. Vito's Trucking & Excavating Co.,* 386 Mich. 37, 191 N.W.2d 313, 316 (1971) (res judicata applies "where a party to one action in his individual capacity and to another in his representative capacity is in each case asserting or protecting his individual rights"); *Bernhard v. Bank of America*

---

**2.** Specifically, Plaintiff relies upon *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 188 (5th Cir.1990) ("Res judicata does not apply to a situation such as the one here in which a party appears in one action in an individual capacity and in a subsequent action in a representative capacity.") (citing Restatement (Second) Judgments § 36 (1980)) and *Clark v. Amoco Prod. Co.,* 794 F.2d 967 (5th Cir.1986) (same).

*Nat'l Trust & Sav. Ass'n,* 19 Cal.2d 807, 122 P.2d 892, 896 (1942) ("Where a party though appearing in two suits in different capacities is in fact litigating the same right, the judgment in one estops him in the other") (citations omitted). *See also* Restatement (Second) Judgments § 42, cmt. g; Restatement Judgments § 80(1), cmt. k.

Plaintiff attempts to evade the strictures of this limitation on the general rule claiming that "[t]here is nothing in the Plan's complaint in this action that seeks any benefits on behalf of Mr. Meagher: all causes of action are derivative *on behalf of the Plan.*" Pl.'s Opp. at 14. Despite Plaintiff's framing of his claims as causes of action of the Plan alone, Plaintiff clearly "would be [an] ultimate beneficiar[y] of the relief he requests on behalf of the Plan...." *Id.* at 15. Indeed, Plaintiff, in his Complaint, explicitly seeks direct relief for himself—that the Court "[o]rder the [Trustees] to pay each such participant and beneficiary the difference ... between the pension benefits paid and those payable under the Pension Plan, as reformed...." Thus, Plaintiff does not bring this action "solely" for the benefit of the Plan. Because Meagher is a beneficiary of the subject matter of the present litigation, the Court holds that even if he could bring a derivative action under ERISA, the general rule precluding res judicata when a litigant appears in two successive actions in differing legal capacities would not apply in this case.[3] Thus, the Court finds identity of parties between Plaintiffs in Actions One and Two.

### 2. Defendants

■ The Court must now determine whether identity of parties exists between Defendants in the two actions. Generally, "one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation." *Expert,* 554 F.2d at 1233 (citing *Aero-jet–General Corp. v. Askew,* 511 F.2d 710, 719 (5th Cir.), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Roode v. Michaelian,* 373 F.Supp. 53, 55 (S.D.N.Y. 1974)). Furthermore, where a non-party actively participates in and effectively controls an action, the non-party is bound by the judgment. *Kreager v. General Elec. Co.,* 497 F.2d 468, 472 (2d Cir.), *cert. denied,* 419 U.S. 1041, 95 S.Ct. 530, 42 L.Ed.2d 319 (1974). *See also Montana v. United States,* 440 U.S. 147, 155, 99 S.Ct. 970, 974–75, 59 L.Ed.2d 210 (1979) (though not a formal party, defendant had sufficient "laboring oar" in conduct of prior litigation to actuate preclusion) (citation omitted).

■ Although the complaints in Actions One and Two name two different defendants, Defendants argue that the Trustees and the Fund "are the same parties for purposes of res judicata ... [because] ERISA ... creates a unity of interest between a pension fund and its trustees." Defs.' Mem. at 10 (citing *United States v. Int'l Brotherhood of Teamsters,* 964 F.2d 180, 184 (2d Cir.1992)). Plaintiff counters this claim, asserting that the Plan, rather than the Pension Fund, was sued in Action One and "[f]or obvious reason [sic], there can be no privity between the Plan ... and the Trustees...." Pl.'s Mem. at 18. Without deciding whether ERISA creates a unity of interest between a pension fund and its Trustees,[4] the Court finds that under the facts of this case, identity of parties exists with respect to the Defendants in Actions One and Two.

Although the Trustees are not listed in the caption as Defendants to Action One, it is clear that they played an active role, and that their interests were represented, in that litigation. First, the Action One Complaint alleges that the "Plan Administrators" breached their fiduciary duties and improperly calculated Plaintiff's pension benefits in violation of ERISA. Action One Complaint ¶ 22, 23. While it is unclear from the face of

---

3. Having already decided the issue of identity between plaintiffs, the Court does not address Defendants additional argument that Meagher's control of and participation in both actions creates an identity of parties for res judicata purposes.

4. The Court does note, however, that the *Brotherhood of Teamsters* case, cited by Defendants, does not decide this issue.

the Action One Complaint who the "Plan Administrators" are, the conduct of the litigation indicates that the term refers to the Trustees. The Trustees became immediately involved with the litigation and answered the Action One Complaint as the party "sued ... as 'Cement and Concrete Workers District Council Pension Fund and Welfare Fund.'" Action One Answer at 1. Furthermore, the Trustees opposed Plaintiff's motion for summary judgment in Action One, which involved issues of allegedly improper actions taken by the Trustees. *See e.g.*, Pl.'s Action One Mem. at 7 (setting forth standards judging breach of fiduciary duties of "pension fund *trustees*") (emphasis added). The Trustees also cross-moved for summary judgment. Finally, the March 21 Order denied Plaintiff's motion for summary judgment because "Plaintiff ... failed to offer any support for his argument that the *trustees* have acted towards him in any arbitrary or capricious manner, that they have treated him differently from others similarly situated, or that he has been the target of some form of punishment by the *trustees* of the plan." March 21 Order at 5.

While the Trustees were not literally named as Defendants in Action One, "literal privity" need not exist. *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir.1989). "[T]he issue is one of substance rather than the names in the caption of the case; [and] the inquiry is not limited to a traditional privity analysis." *Id.* A finding of privity represents a legal conclusion that the relationship between parties is sufficiently close so as to warrant preclusion. *Local 363 v. New York State Dept. of Labor*, 842 F.Supp. 1561, 1566 (S.D.N.Y.1994) (citing *Index Fund, Inc. v. Hagopian*, 677 F.Supp. 710, 715 (S.D.N.Y.1987)).

"ERISA vests the 'exclusive authority and discretion to manage and control the assets of the plan' in the Trustees alone." *NLRB v. Amax Coal Co.*, 453 U.S. 322, 333, 101 S.Ct. 2789, 2796, 69 L.Ed.2d 672 (1981). Furthermore, the trust agreement, pursuant to which Actions One and Two were brought, grants the Trustees broad authority "to pay or provide for the payment of benefits under the Plan; to formulate and promulgate any and all necessary rules and regulations to facilitate the proper functioning of the plan." March 21 Order at 5 (quoting Exhibit G to Joint Stipulated Facts of Action One). Thus, Action One, in which Plaintiff alleged a breach of fiduciary duties by the Fund via the Trustees, clearly concerned interests of the Trustees.

This Court finds that under the circumstances of this case, the relationship between the Fund and the Trustees is sufficiently close to warrant preclusion. The Court makes this finding based on the interests of the Trustees represented in Action One and their active participation in that litigation. Thus, the Court finds identity between the Defendants in Actions One and Two.

## B. Identity of Issues

The Court now addresses whether an identity of issues exists between Actions One and Two. Meagher contends that no identity of issues exists because "[t]he *claims* in the present action ... are not identical to the claims in [Action One]." Pl.'s Mem. at 20 (emphasis added). Plaintiff offers an incorrect standard for deciding the identity of issues. "The requirement of 'identity of cause of action' does not mean that the claims alleged be identical...." *Cullen v. Paine Webber Group, Inc.*, 689 F.Supp. 269, 278 (S.D.N.Y.1988) (citing Restatement (Second) of Judgments § 24 (1982)). Rather, the *facts* surrounding the occurrence which constitutes the cause of action—not the legal theory upon which Meager chose to frame his complaint—must be identical in both actions to trigger res judicata. *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993) (citing *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir.1980); *Expert*, 554 F.2d at 1234). Regardless of the legal theory a plaintiff advances, when the factual predicate underlying claims in successive actions are substantially identical, the claims are deemed to be duplicative for purposes of res judicata. *Everest House*, 619 F.2d at 215.

Plaintiff, however, does not attempt to distinguish the factual predicate for the

claims asserted in Action One from those raised in Action Two. Plaintiff's silence on this issue is telling. An examination of the two actions reveals that they evolve substantially from the same factual predicate. Both actions center around the Trustees' calculation of Meagher's pension benefits and their determination that his break in service from 1975 to 1976 affected his pension status. Significantly, Plaintiff raised "substantially the same claims" in his Rule 60(b) motion in Action One that he raises in Action Two. Pl.'s Mem. at 5. In support of his motion to vacate, Plaintiff did not argue that the motion was based on the discovery an independent factual or evidentiary predicate from the underlying action. Rather, Plaintiff urged vacatur on the basis of his former counsel's failure to present to this Court certain "controlling statutory authority"—or an alternative *claim* arising out of the same factual transaction as Action One. While the Court's disposition of Plaintiff's Rule 60(b) motion does not control the Court's decision regarding the res judicata effect of Action One, Plaintiff's representation that the claims presented in the motion derived from a new "legal theory" rather than a new "factual predicate" supports the Court's holding regarding the identity of claims. Because the claims in Action Two arise from the same factual transaction as those in Action One, Plaintiff's contention that identity of issues does not exist in the two actions lacks merit.[5]

The Court has found an identity of both parties and issues in Actions One and Two. Accordingly, the Court grants Defendants' motion to dismiss Action Two on the grounds of res judicata.

## CONCLUSION

For all of the foregoing reasons, the Court grants Defendants' motion to dismiss. The Complaint is hereby dismissed with prejudice on all counts.

It is SO ORDERED.

5. Plaintiff also argues that "there is no identity of claims here, nor could there be, because the relief sought by Mr. Meagher *is on behalf of the* *Plan, not himself....*" Because the Court has found that Plaintiff seeks relief for himself in this action, this argument fails.