79 F.3d 256
 Patrick MEAGHER, on Behalf of the PENSION PLAN OF the CEMENT
AND CONCRETE WORKERS DISTRICT COUNCIL PENSION
FUND, Plaintiff-Appellant,
v.
The BOARD OF TRUSTEES OF the PENSION PLAN OF the CEMENT AND
CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND,
Defendant-Appellee.
 No. 1002, Docket 95-7611.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 23, 1996.
Decided March 14, 1996.
 
 Edgar Pauk, Legal Services for the Elderly, New York City, for plaintiff-appellant.
 Carl Haberbusch, Newark, N.J. (Angelo A. Bisceglie, Bisceglie & McCarthy, Newark, N.J., on the brief), for defendant-appellee.
 Before NEWMAN, Chief Judge, KEARSE, Circuit Judge, and BURNS,* District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Patrick Meagher, on behalf of the Pension Plan of the Cement and Concrete Workers District Council Pension Fund, appeals from the May 31, 1995, judgment of the District Court for the Southern District of New York (Mary Johnson Lowe, Judge) in favor of defendant-appellee, the Board of Trustees of the Pension Plan ("the Trustees") of the Cement and Concrete Workers District Council Pension Fund ("the Fund"). The judgment dismissed the Complaint with prejudice on the ground of res judicata. Meagher ex rel. Pension Plan v. Board of Trustees, 921 F.Supp. 161 (S.D.N.Y. 1995) ("Meagher II ").
 
 
 2
 The Complaint alleged that the Trustees of the Fund were operating the Pension Plan in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et. seq. Meagher had brought a prior action in his individual capacity against the Fund, claiming that the Fund had fraudulently denied pension benefits due to him under ERISA. Meagher v. Pension Fund, No. 89 Civ. 8364 (MJL), 1992 WL 75128 (S.D.N.Y. Mar. 30, 1992) ("Meagher I "). In Meagher I, the District Court had granted summary judgment in favor of the Fund and, in a subsequent ruling, had denied plaintiff's Fed.R.Civ.P. 60(b) motion, in which Meagher advanced the identical arguments he raises in his second action, Meagher v. Pension Fund, No. 89 Civ. 8364 (MJL), 1993 WL 512871 (S.D.N.Y. Dec. 6, 1993).
 
 
 3
 In a thorough analysis, the District Court determined that the claims presented in Meagher II were barred by res judicata. The District Court rejected appellant's argument that the plaintiffs in the two actions were not identical because Meagher brought Meagher I in his individual capacity and Meagher II in his representative capacity. As the District Court stated, the general rule on which Meagher relies, that a party appearing in an action in one capacity, individual or representative, is not bound by res judicata in a subsequent action in which he appears in another capacity, does not apply in cases where, as here, the representative is also one of the "beneficiaries" of the subject matter of the action.[1] As to the identity of the defendant, the District Court determined that, under the facts of this case, the relationship between the Fund and the Trustees is sufficiently close to warrant the application of res judicata. With respect to identity of issues, the District Court determined that plaintiff's claims are clearly identical because they arise from the same factual matters, a circumstance the plaintiff recognized when he filed his unsuccessful Rule 60(b) motion in Meagher I.
 
 
 4
 We affirm on the opinion of the District Court. 921 F.Supp. 161.
 
 
 
 *
 Honorable Ellen Bree Burns, of the United States District Court for the District of Connecticut, sitting by designation
 
 
 [1]
 The District Court did not consider the threshold issue of whether ERISA even authorizes derivative actions on behalf of pension plans, assuming for purposes of the case that such an action is available. We too find it unnecessary to decide the issue