Robert A. YABLON, As Executor of the Estate of Bennett J. Yablon, individually, and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

STROOCK & STROOCK & LAVAN RETIREMENT PLAN AND TRUST, The Administrator of the Stroock & Stroock & Lavan Retirement Plan and Trust, the Board of Trustees of the Stroock & Stroock & Lavan Retirement Plan and Trust; Jane Roes Nos 1–10, Individually and in their capacities as current or former Trustees of the Stroock & Stroock & Lavan Retirement Plan; Stroock & Stroock & Lavan Pension Plan for Staff Employees, The Administrator of the Stroock & Stroock & Lavan Pension Plan for Staff Employees, the Board of Trustees of the Stroock & Stroock & Lavan Pension Plan for Staff Employees, John Does Nos 1–10, Individually and in their capacities as current or former Trustees of the Stroock & Stroock & Lavan Pension Plan for Staff Employees, Stroock & Stroock & Lavan Savings & Invest-

---

ment Plan and Trust, the Administrator of the Stroock & Stroock & Lavan Savings & Investment Plan and Trust, the Board of Trustees of the Stroock & Stroock & Lavan Savings & Investment Plan and Trust, John Does Nos 1–10, Individually and in their capacities as current or former Trustees of the Stroock & Stroock & Lavan Savings & Investment Plan and Trust; Stroock & Stroock & Lavan LLP., both as a limited liability entity and in its capacity as the current and former administrator of the (a) the retirement plan and trust, (b) pension plan for staff employees, and (c) the Stroock & Stroock & Lavan Savings & Investment Plan and Trust, Defendants–Appellees.

No. 02–7820.

United States Court of Appeals, Second Circuit.

May 21, 2004.

Albert Feuer (David S. Preminger, Rosen, Preminger & Bloom, New York, NY), Forest Hills, NY, for Appellant, of counsel.

William F. Hanrahan, Groom Law Group, Chartered (Michael J. Prame; Alan M. Klinger and Mark S. Winter, Stroock & Stroock & Lavan LLP, New York, NY), Washington, DC, for Appellees, of counsel.

Present: VAN GRAAFEILAND,

SACK, and GIBSON,* Circuit Judges.

## AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of June 18, 2002, be, and it hereby is, AFFIRMED.

The plaintiff-appellant Robert Yablon, the Executor of Bennett Yablon's estate, appeals from the June 18, 2002, judgment of the United States District Court for the Southern District of New York (Constance Baker Motley, *Judge*) dismissing his complaint seeking relief for failing to pay certain benefits as required by the defendants' pension plans.

■■■ The plaintiff argues that Yablon's release in the Separation Agreement of all claims, including those under ERISA, is invalid as to his Retirement Plan and Pension Plan claims because these claims were neither contested nor known at the time of the release. We have held that claims for allegedly accrued ERISA benefits are waiveable. *See Finz v. Schlesinger,* 957 F.2d 78, 80–82 (2d Cir.), *cert. denied,* 506 U.S. 822, 113 S.Ct. 72, 121 L.Ed.2d 38 (1992). It is also well-established that ERISA claims are validly waived as long as the waiver is knowing and voluntary under the totality of the circumstances. *See, e.g., Laniok v. Advisory Comm. of the Brainerd Mfg. Co. Pension Plan,* 935 F.2d 1360, 1367 (2d Cir. 1991). In *Laniok,* we set forth six non-exhaustive factors to consider in determining knowledge and voluntariness:

1) [T]he plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, as well as whether an employer encouraged the employee to consult an attorney and whether the employee had a fair opportunity to do so and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Id.* at 1368. We agree with the district court that an evaluation of the *Laniok* factors indicates that Yablon's waiver is valid, as it was made knowingly and voluntarily.[1] We also agree with the district court that the Separation Agreement effectively released all of the defendants from liability for the plaintiff's claims. *See Meagher v. Bd. of Trustees of the Pension Plan of the Cement & Concrete Workers Dist. Council Pension Fund,* 79 F.3d 256, 258 (2d Cir.1996) (per curiam), *aff'g* 921 F.Supp. 161 (S.D.N.Y.1995) (holding that an ERISA plan and its trustees are identical parties for purposes of *res judicata*); *see also Barnett v. Int'l Bus. Machs. Corp.,* 885 F.Supp. 581, 592 n. 15 (S.D.N.Y.1995).

As for the plaintiff's claims of breach of fiduciary duty with regard to investment policies and investments for the Re-

---

* The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. We have considered the parties' supplemental briefing on the advisability and analysis of a potential seventh factor—whether an employer, who is also the plan administrator of the relevant ERISA plans, fulfilled its fiduciary responsibilities under ERISA to convey to a beneficiary material information regarding allegedly accrued benefits not otherwise paid to the beneficiary that the administrator knew or should have known when it presented a release of ERISA claims to the beneficiary—and conclude that it is inadvisable on the facts of this case to weigh such a factor in our calculus.

58

tirement Plan and the Savings Plan, we conclude that the district court correctly dismissed those claims as impermissibly conclusory. *See Gregory v. Daly,* 243 F.3d 687, 692 (2d Cir.2001).

We also conclude that the district court rightly dismissed the plaintiff's Savings Plan claim as to valuation date because the terms of the Savings Plan clearly show that the defendants used the correct valuation date.

We have considered the plaintiff's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.