Stefanie HIRT, et al., Plaintiffs,

v.

The EQUITABLE RETIREMENT PLAN FOR EMPLOYEES, Managers and Agents, et al., Defendants.

No. 01 Civ. 7920(AKH).

United States District Court, S.D. New York.

Sept. 12, 2006.

---

Edgar Pauk, for Plaintiffs.

Nancy G. Ross, Wilber H. Boies, McDermott, Will & Emery, Chicago, IL, Terri L. Ross, Jeremy Alexander Root, McDermott, Will & Emery, LLP, New York, NY, Kent A. Mason, Davis & Harman, LLP, Mary Ellen Signorille, Melvin Radowitz, Aarp, Washington, DC, for Defendants.

### SECOND SUPPLEMENTARY DECISION AND ORDER FOR JUDGMENT

HELLERSTEIN, District Judge.

Following my Opinion and Order of July 20, 2006 and my Supplementary Decision Ordering Remedies and Judgment of August 24, 2006, the parties filed additional submissions on the three issues still to be decided: the effective date of Equitable's cash balance plan; the applicable period of limitations; and the implementation of my rulings. For the reasons stated below and on the record of oral argument held August 29, 2006, I rule as follows.

### 1. Effective Date

The effective date when the cash balance plan went into effect for all participating employees, managers and agents, other than those remaining entitled to grandfathering, was Monday, January 18, 1993.

Pursuant to section 204(h) of ERISA, 29 U.S.C. § 1054(h), notice of not less than fifteen days must be given before the effective date of an amendment that significantly reduces the rate of future benefit

accruals. Since the Summary Plan Description of December 10, 1992 was, as I held, the effective notice distributed to all participants and beneficiaries, the ·issue that I have to decide is when the steps involved in the giving of notice were completed. As evidenced on the record of the oral arguments held in August 2005, and memorialized in my Opinion and Order dated July 20, 2006, the procedures used by Equitable to distribute such notices required a number of steps. The notice was shipped from Equitable's headquarters in New York to individual regional and agency offices. At the individual offices, the notice was handled by the respective mail rooms, and usually by the Operations Manager, before it made its way to the individual mailboxes to be retrieved by the employees, managers and agents. Such a process could easily take three weeks, especially given the holiday season.

I hold, therefore, that the 1992 SPD was effectively delivered by December 31, 1992, and that the amendment took effect the Monday after the fifteenth day from such delivery, Monday, January 18, 1993.

## 2. Statute of Limitations

▬ Because ERISA does not provide a statute of limitations, the most closely analogous state statute of limitations is to be applied. *Miles v. N.Y. State Teamsters Conf. Pensions & Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir.1983). Under the New York Civil Practice Law and Rules, an action under a contract—for employee benefit plans, in effect, are contracts—must be commenced within six years. N.Y. CPLR § 213. When the statute of limitations begins to run is a question of federal common law. *Carey v. Int'l Bhd. of Electrical Workers Local 363 Pension Plan*, 201 F.3d 44, 47–48 (2d Cir.1999).

▬ Under the federal discovery rule, a cause of action accrues upon "a clear repudiation by the plan that is known, or should be known, to the plaintiff—regardless of whether the plaintiff has filed a formal application for benefits." *Carey*, 201 F.3d at 47–48; *see also Miles*, 698 F.2d at 598. The limitation period generally begins to run when a plan denies a beneficiary's formal application for benefit. *See, e.g., Lewis v. John Hancock Mut. Life Ins. Co.*, 6 F.Supp.2d 244, 247 (S.D.N.Y. 1998). But it can begin to run earlier. A plan amendment or even an informal letter denying benefits, and knowledge thereof by an affected participant or beneficiary, can be sufficient as a repudiation for the cause of action then and there to accrue; there is no need to wait for a later application or claim for benefits by a participant or beneficiary. *Carey*, 201 F.3d at 47–49; *Yablon v. Stroock & Stroock & Lavan Retirement Plan & Trust*, 2002 WL 1300256, at *7–9, 2002 U.S. Dist LEXIS 10528, at *21–*24 (S.D.N.Y. June 11, 2002), *aff'd* 98 Fed.Appx. 55 (2d Cir.2004); *DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund*, 975 F.Supp. 258, 266 (S.D.N.Y.1997). *But see Laurenzano v. Blue Cross & Blue Shield of Mass., Inc. Retirement Income Trust*, 134 F.Supp.2d 189, 210 (D.Mass.2001) (holding cause of action accrued at time lump sum payment was diminished by a claimed entitlement).

▬ Equitable's participants and beneficiaries knew, when they received the SPD of December 1992, that Equitable's cash balance plan would supplant its traditional final-average-salary benefits plan, and that many of those who might still be entitled to grandfathering rights had been de-grandfathered. Participants and beneficiaries then knew that Equitable had "repudiated" the entitlements they had under Equitable's previous retirement plan. They then gained the right to file suit to

challenge Equitable's conduct. The accrual date for that cause of action is the effective date of Equitable's amendment, January 18, 1993. That is the date from which the six-year period of limitations begins to run. NY CPLR § 213. Indeed, assuring that participants and beneficiaries receive actual notice of plan amendments that significantly reduce future benefits accruals, and delaying the effective date of such amendments for at least fifteen days after such notice is given, is a central purpose of ERISA, ERISA § 204(h), 29 U.S.C. § 1054(h), and thus entirely compatible with the accrual date from which New York's six-year period of limitations should be measured.

Plaintiffs filed this action, on behalf of a class and themselves, on August 23, 2001. Their causes of action, having accrued January 18, 1993, expired six years later, on January 17, 1999. Their complaint was not timely, and their action is time barred. Certainly, this applies to the plaintiffs at bar; a claim for accruing full retirement benefits as measured by Equitable's traditional retirement benefits plan was necessarily involved in the complaint they filed to enjoin Equitable from implementing its cash benefits plan. However, the issue is more complicated for employees, managers and agents who were members of the class that plaintiffs represented, but who were not parties before me.

I certified the plaintiffs' class pursuant to Fed.R.Civ.P. 23(b)(1) and 23(b)(2), as a class action seeking equitable and declaratory relief, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to avoid the potential of inconsistent or varying adjudications for individual members of the class. All participants and beneficiaries who were similarly situated had to be treated alike, and Equitable could not be expected to follow different rules in dispensing pension benefits according to who sued it, at what time, and in which court. See Fed.R.Civ.P. 23(b)(1), 23(b)(2); Hirt v. The Equitable Retirement Plan, No. 01–cv–7920 (AKH) (S.D.N.Y. May 22, 2003) (order certifying class). On the basis of a Special Master's Report that the class representatives adequately represented the class, and after hearing the parties extensively, the parties did not seek, and I did not require, that individual notices be sent to the members of the class.

Participants and beneficiaries are authorized also to file their own suit to recover benefits due to them, and to clarify their rights, under the terms of an ERISA plan. ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1); see, e.g., Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 578 (2d Cir.2006). They should not be cut-off from their rights to bring their own lawsuits unless notices were given directly to them. As the rule provides, they are entitled to "the best notice practicable ... including individual notice to all members who can be identified through reasonable effort," Fed.R.Civ.P. 23(b)(3), 23(c)(2)(B), and due process requires no less. Cf. Coan v. Kaufman, 457 F.3d 250, 261 (2d Cir.2006) (representative suit by participant on behalf of class of participants and beneficiaries, seeking redress of amounts due to the pension fund, requires procedural safeguards analogous to those provided by Rule 23); Robinson v. Metro–North Commuter R.R., 267 F.3d 147, 162–67 (2d Cir.2001).

As I discussed above, the participants and beneficiaries potentially affected by this decision were not given the notice or protections required by Rules 23(b)(3) and 23(c), Fed.R.Civ.P. Were they to sue, and if the statute of limitations were not to apply to their cases, some of them might recover, consistent with my ruling in this case, greater benefits accruals for the period between January 1, 1991 and January

18, 1993, the dates between which de-grandfathering was supposed to become effective, and, under this decision, when such de-grandfathering actually can become effective. They well might not be affected by the running of limitations, for, not being parties, they should not be bound by my rulings on that issue. A curtailment of this right, without the heightened procedural safeguards applicable to a Rule 23(b)(3) class, would be inappropriate and, possibly, a violation of their due process rights. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846–49, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The rights of those participants and beneficiaries who were not parties to the law suit before me, even though they may have been members of the represented class, should have their claims judged in any lawsuit they may choose to bring. *See Ortiz*, 527 U.S. at 846, 119 S.Ct. 2295 (citing *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940)).

### 3. Implementation of Judgment

■ I previously ruled that the Plan Administrator shall have the responsibility to implement the judgment of this case. Plaintiffs' argument for a role in this process, at Equitable's expense, is rejected. Nothing in Equitable's benefits plan provides for such an "ombudsman," and there is no need for it.

Defendants shall submit a proposed judgment, after giving plaintiffs five days to comment, by September 22, 2006.

So Ordered.